# Owens, Appellant, *v.* Gas Company.

*Lease—Oil lease—Reservation—Written instrument—Specific averment of violation—Equity.*

1. Certain land was let to defendant for oil development under a written lease, which described the property as follows: "All that tract of land situate in the Township of Kiskiminetas, County of Armstrong, Pennsylvania, bounded North by lands of Apollo Borough and Public Road; East by lands of William McKinstry et al.; South by lands of William McKinstry et al.; West by lands of Apollo Borough et al.; being all of said farm with the exception of 50 acres, being the northwestern portion thereof, containing one hundred and fifty-three acres, more or less." Under this lease defendant proceeded to drill a well in the southwestern portion of the tract, which operation the owner sought to enjoin, alleging that the well was within the fifty acres excepted from the demised land. *Held*, that the written instrument plainly by the ordinary rules of construction excepts the northwestern fifty acres, inasmuch as the phrase "being in the northwestern portion thereof," refers to its immediate antecedent, the excepted "50 acres."

2. Where in such a case the lease also contains the provision "All wells must be located at point satisfactory to both parties," but the only violation of the lease, or dissatisfaction averred in the bill manifestly refers to the wrongful drilling of a well "upon the tract . . . . reserved . . . . under the lease," an indefinite, unexplained and perhaps arbitrary dissatisfaction, not specifically averred in the bill, cannot be relied upon to convict a chancellor of error in refusing an injunction.

Argued April 25, 1911. Appeal, No. 48, Oct. T., 1911, by plaintiff, from decree of C. P. Armstrong Co., Sept. T., 1910, No. 24, in equity, sustaining demurrer in case of Hugh G. Owens v. American Natural Gas Company. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Motion for a preliminary injunction. Before PATTON, P. J.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in sustaining defendant's demurrer and dismissing bill.

*Harvey A. Miller,* with him *Edwin L. Dively,* for appellant.—The language of the lease was not sufficiently clear as to the location of the fifty acres excepted and reserved as to exclude oral evidence to determine the intention of the parties: Safe Deposit & Trust Co. v. Seyfang Manufacturing Co., 000 Pa. 000; Boice v. Zimmerman, 3 Pa. Superior Ct. 181; Lulay v. Barnes, 172 Pa. 331.

*Walter Lyon,* of *Lyon & Hunter,* with him *Heiner & Golden,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, July 6, 1911:

The decision of the matter before us requires the interpretation of a written instrument. The plaintiff owned certain land which he let for oil development. The lease described the property as follows: "All that tract of land situate in the Township of Kiskiminetas, County of Armstrong, Pennsylvania, bounded—North by lands of Apollo Borough and Public Road; East by lands of William McKinstry et al.; South by lands of William McKinstry et al.; West by lands of Apollo Borough et al.—being all of said farm with the exception of 50 acres, being the northwestern portion thereof, containing one hundred and fifty-three acres, more or less."

The defendant built a rig and was proceeding to drill a gas well on the southwestern corner of the tract, when the plaintiff obtained a preliminary injunction, alleging that the well was within the fifty acres excepted from the demised land. The injunction was dissolved, and the defendant demurred to the bill upon the ground that "the lease . . . . shows upon its face that the portion of this land upon which the defendant entered for the purpose of drilling the well . . . . is included in the land upon which the defendant has the leasehold." The court below sustained the demurrer and dismissed the bill.

The question is as to the location of the fifty acres excepted from the lease. The plaintiff contends that it is in the southwestern part of the tract where the gas

well is drilled, while the defendant contends that the lease clearly located the fifty acres in the "northwestern portion thereof."

The written instrument plainly excepts the northwestern fifty acres. The whole tract had an area of 203 acres, and after the fifty acres were taken out, it then contained the 153 acres intended to be let, the excepted part being the fifty acres in the northwestern portion of the tract. This construction refers the phrase "being in the northwestern portion thereof" to its immediate antecedent, the excepted "50 acres." The phrase cannot be referred to the 153 acres on any reasonable construction, for that would place three-fourths of the land in the northwestern portion of the whole tract, which would be an impossible situation. The ordinary rules of interpretation require the construction which we place upon the description contained in the lease, and there is nothing in the evidence called to our attention which would demand any other.

The lease contains a covenant that, "Said lessee shall also pay an acreage rental for said land of one dollar per acre, viz., one hundred fifty-three dollars per annum. . . . Provided that each producing well drilled on said land shall suspend the acreage rental on fifty-one acres of said farm, so long as the well rental or royalty above provided for is paid. All wells to be located at points satisfactory to both parties. . . ." The court below decided that this provision as to the location of the wells, "was never intended to apply to such a controversy as has now arisen. It applies to the rent or royalty, and was put in to protect both parties as to the acreage royalty or well royalty, as the case might be, after one or more test wells were put down." It is not necessary to decide whether or not this is the proper construction, for the only violation of the lease, or dissatisfaction, averred in the bill manifestly refers to the alleged wrongful drilling of a well "upon the tract of 50 acres reserved and excepted to your orator under the lease," and not to the location of a well on the

land demised at a point which was unsatisfactory, to the plaintiff for some other reason, or for general reasons. An indefinite, unexplained and perhaps arbitrary dissatisfaction, not specifically averred in the bill, cannot be relied upon to convict a chancellor of error in refusing an injunction.

The assignments of error are all overruled, and the decree of the court is affirmed at the cost of the appellant.